**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CURTIS JOHN BUCHHOLZ, an individual,

     Plaintiff,

v.                                                                    CASE NO.:

SHARKNINJA    OPERATING,    LLC,    a
Massachusetts Limited Liability Company,

     Defendant.

---

ADAM J. KRESS, ESQ.
JOHNSON BECKER, PLLC
Attorney for Plaintiff
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(512) 436-1800
akress@johnsonbecker.com

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **CURTIS JOHN BUCHHOLZ** (hereafter referred to as "Plaintiff"), by and through his undersigned counsel, **JOHNSON BECKER, PLLC**, hereby submits the following Complaint and Demand for Jury Trial against Defendant **SHARKNINJA, LLC** (hereafter referred to as "Defendant SharkNinja" or "Defendant") and alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1. This is a product liability action seeking recovery for substantial personal injuries and damages suffered by Plaintiff after Plaintiff was seriously injured by a "BL780 Series Ninja Supra

Kitchen System."

2.      Defendant SharkNinja Operating, LLC manufactures, markets, imports, distributes and sell a wide-range of consumer products, including the subject ""BL780 Series Ninja Supra Kitchen System," which specifically includes the Model BL780 30 (hereafter referred to as "subject blender" or "Ninja blender(s)") that is at issue in this case.

3.      On or about September 5, 2022, Plaintiff suffered serious and substantial laceration injuries as the direct and proximate result of the Ninja blender's blade assembly detaching from the blade base during the normal, intended use of the Ninja blender.

4.      The Ninja blenders are defectively designed and manufactured in that the unit's stacked blade assembly does not lock into place and is not secured to the gear shaft.  When used in its normal and intended manner by consumers, the blade assembly can fall out of the pitcher, putting the user at risk of sustaining severe lacerations and injuries requiring medical attention.  The Ninja blenders pose a safety risk to consumers and to other individuals who may be in close proximity to the Ninja blenders while they are in use.

5.      As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, wage loss, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINITFF CURTIS JOHN BUCHHOLZ

6.      Plaintiff is a resident of the City of Jenison, County of Ottawa, State of Michigan and remains domiciled in the same.

7.      On or about September 5, 2022, Plaintiff suffered serious and substantial laceration injuries as the direct and proximate result of the Ninja blender's blade assembly detaching from the blade base during the normal, intended use of the Ninja blender. The incident occurred as the result of

the Ninja blenders' defect(s), namely, the Ninja blender's use of an unsecured blade assembly.

### DEFENDANT SHARKNINJA OPERATING, LLC

8.      Defendant SharkNinja designs, manufacturers, markets, imports, distributes and sells a variety of consumer products, including the subject Ninja blender.

9.      Defendant SharkNinja is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Massachusetts, whose sole member is EP Midco LLC, a Massachusetts limited liability company created and organized under the laws of the State of Delaware with its principal place of business in Needham, Massachusetts, whose sole member is Global Appliance, LLC, a Delaware limited liability company with its principal place of business in Massachusetts, whose sole member is Global Appliance UK Holdco Ltd., a corporation organized under the laws of the United Kingdom with its principal place of business located in England. Global Appliance UK Holdco Ltd. is a private limited company organized under the laws of England and Wales with its principal place of business in Leeds, England. SharkNinja Appliance UK Holdco Limited is wholly owned by SharkNinja Global SPV, Ltd., an exempted company incorporated in the Cayman Islands, which is wholly owned by SharkNinja, Inc., a publicly held exempted company incorporated in the Cayman Islands. No publicly held company owns more than 10% of SharkNinja, Defendant is therefore a citizen of the United Kingdom, England, Massachusetts and Delaware for the purposes of diversity jurisdiction under 28 U.S.C. § 1332.

### JURISDICTION AND VENUE

10.      This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

11.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Plaintiff is a resident and citizen of this District and all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

12.    Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of Michigan and intentionally availed itself of the markets within Michigan through the promotion, sale, marketing, and distribution of its products.

### FACTUAL BACKGROUND

13.    Defendant SharkNinja is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling the blenders at issue in this litigation.

14.    Ninja blenders, including the Ninja blender that injured Plaintiff, essentially have three main components: a base unit which contains a high-speed motor and a gear shaft ("motor base"); a pitcher, which locks on to the motor base; and a stacked blade assembly with six sharp blades which is dropped onto the gear shaft ("blade assembly").

15.    To assemble the unit, the user first aligns and lowers the pitcher onto the motor base, then rotates the pitcher clockwise until the pitcher locks into place.  Next the user takes the blade assembly and places it onto the gear shaft.  Once the user has added the desired ingredients, the lid is placed on top of the pitcher and locked into place.



*See* Ninja BL780 Series Owner's Guide, pp. 10-11

16.     Unlike the pitcher and the pitcher lid, the blade assembly does not lock into place, and is not otherwise secured to the gear shaft. Instead, the blade assembly sits "loosely on the drive gear."[1]

17.     As a result, if the user pours the pitcher after removing the lid, or if the lid falls off the pitcher during pouring, the loose blade assembly can easily fall out of the pitcher and onto consumers, resulting in physical injuries such as severe lacerations.

18.     Defendant SharkNinja became aware of this defect as early as November 12, 2015, when, in conjunction with the Consumer Product Safety Commission (CPSC), it recalled roughly 1.1 million of its Ninja BL 660 series blenders for this exact defect.[2]

19.     According to the CPSC, the firm received 53 reports of lacerations caused by the stacked blade assembly falling out of the pitcher when consumers poured or inverted the pitcher after removing the lid with the blade assembly still inside.[3]

20.     Despite its knowledge of these defects, Defendant SharkNinja has continued to sell and design blenders with loose, unsecured blade assemblies, including blenders like the BL780 30 blender involved in this case.

21.     The Ninja blenders have been designed, manufactured, packaged and sold in such a condition that consumers cannot safely use them in the intended manner without risk of physical injury.

---

[1] *See* Ninja BL780 Series Owner's Guide, p. 10. A copy of the Owner's Guide is attached hereto as "Exhibit A."

[2] *See* the CPSC Recall Notice from November 12, 2015 (https://www.cpsc.gov/Recalls/2016/Laceration-Injuries-Prompt-SharkNinja-to-Recall-Ninja-BL660-Blenders), a copy of which is attached hereto as "Exhibit B."

[3] *Id*.

22.     By reason of the forgoing acts or omissions, the above-named Plaintiff and/or his family purchased the Ninja blender with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of blending.

23.     Plaintiff used his Ninja blender for its intended purpose of preparing food and drinks for himself and/or his family and did so in a manner that was reasonable and foreseeable by Defendant.

24.     However, the aforementioned Ninja blender was defectively designed and manufactured by Defendant in that its loose, unsecured blade assembly is able to fall out of the pitcher during the normal, intended use of the Ninja blender, putting consumers, such as Plaintiff, at risk of lacerations and other physical injuries.

25.     Defendant's Ninja blenders possess defects that make them unreasonably dangerous for their intended use by consumers because the stacked blade assembly does not lock into place and is not otherwise secured to the gear shaft.

26.     Economic, safer alternative designs were available that could have prevented the Ninja blender's blade assembly from easily falling out of the pitcher when it is poured or inverted. Examples of such designs include, but are not limited to, securing or affixing the blade assembly to the gear shaft or designing a blade assembly that locks into place.

27.     As a direct and proximate result of Defendant's intentional concealment of such defects, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous blender, which resulted in significant and painful bodily injuries.

28.     Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendant's blender as described above, which has caused the Plaintiff to suffer from serious

bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

**CLAIMS FOR RELIEF**

**COUNT I**
**COMMON LAW NEGLIGENCE**

29.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

30.     At all times material hereto, Defendant owed Plaintiff a duty of reasonable care in the design, testing, manufacture, packaging, labeling, sale and/or placement into the stream of commerce of its blenders.

31.     Defendant designed, tested, manufactured, packaged, labeled, sold and/or placed into the stream of commerce the subject blender, which was received and used by Plaintiff, in a defective condition unreasonably dangerous to foreseeable users.

32.     The blenders were neither merchantable nor reasonably suited for their intended, anticipated and/or foreseeable uses when they were designed, tested, manufactured, packaged, labeled and sold and/or otherwise placed into the stream of commerce by Defendant.

33.     The blenders were defective and unreasonably dangerous at the time they left the possession and control of Defendant and they were expected to, and did, reach Plaintiff in substantially the same condition as they were in at the time they were designed, tested, manufactured, packaged. labeled and sold, and/or otherwise placed into the stream of commerce by Defendant.

34.     At all relevant times, including when the Incident alleged herein occurred, the blenders were used in a reasonable, intended, anticipated and/or foreseeable manner.

35.     Plaintiff neither misused nor materially altered the blender prior to the incident.

36.    At all times material hereto, Plaintiff exercised due care and was properly handling the blenders in a reasonable, intended, anticipated and/or foreseeable manner.

37.    At all times material hereto, the actions and omissions of Defendant were negligent, grossly negligent, reckless and/or careless, and Defendant breached duties owed to Plaintiff by, *inter alia*:

    a.  Designing, testing, manufacturing, packaging, labeling, and selling the Ninja blenders, including the subject Ninja blender, in a defective, unreasonably dangerous condition for consumers, due to their propensity to cause the laceration injuries described herein;

    b.  Designing, testing, manufacturing, packaging, labeling, and selling the Ninja blenders, including the subject Ninja blender, in a condition wherein they did not conform to their intended design or specifications;

    c.  Designing, testing, manufacturing, packaging, labeling and selling the Ninja blenders, including the subject Ninja blender, in a condition wherein they were not suitable for their intended purposes of blending; and

    d.  In such other particulars as the evidence may show.

38.    Defendant knew or should have known about the defective nature of its blenders, yet failed to disclose this knowledge to thousands of consumers, including Plaintiff, which ultimately resulted in his injuries.

39.    By reason of the foregoing, Plaintiff demands judgment against Defendant for all actual and compensatory damages suffered, together with interest, if applicable, and all costs of this action and for such other and further relief as this Honorable Court and/or jury may deem just and proper.

**COUNT II**
**NEGLIGENCE**
**Mich. Comp. Laws § 600.2947(6)(a)**

40.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

41.     At all times material hereto, Defendant owed Plaintiff a duty of reasonable care in the design, testing, manufacture, packaging, labeling, sale and/or placement into the stream of commerce of its blenders.

42.     Defendant designed, tested, manufactured, packaged, labeled, sold and/or placed into the stream of commerce the subject blender, which was received and used by Plaintiff, in a defective condition unreasonably dangerous to foreseeable users.

43.     The blenders were defective and unreasonably dangerous at the time they left the possession and control of Defendant and they were expected to, and did, reach Plaintiff in substantially the same condition as they were in at the time they were designed, tested, manufactured, packaged. labeled and sold, and/or otherwise placed into the stream of commerce by Defendant.

44.     At all relevant times, including when the Incident alleged herein occurred, the subject blender was used in a reasonable, intended, anticipated and/or foreseeable manner.

45.     Plaintiff neither misused, nor materially altered the subject blender, at any time.

46.     At all times material hereto, Plaintiff exercised due care and was properly handling the subject blender in a reasonable, intended, anticipated and/or foreseeable manner.

47.     At all times material hereto, the actions and omissions of Defendant were negligent, grossly negligent, reckless and/or careless, and Defendant breached duties owed to Plaintiff by, *inter alia*:

   a. Designing, testing, manufacturing, packaging, labeling, and selling the Ninja blenders, including the subject Ninja blender, in a defective, unreasonably dangerous condition for consumers, due to their propensity to cause the laceration injuries described herein;

   b. Designing, testing, manufacturing, packaging, labeling, and selling the Ninja blenders, including the subject Ninja blender, in a condition wherein they did not conform to their intended design or specifications;

c. Designing, testing, manufacturing, packaging, labeling and selling the Ninja blenders, including the subject Ninja blender, in a condition wherein they were not suitable for their intended purposes of blending; and

d. In such other particulars as the evidence may show.

48. Defendant knew or should have known about the defective nature of its blenders, yet failed to disclose this knowledge to hundreds or thousands of consumers, including Plaintiff, which ultimately resulted in his injuries.

49. By reason of the foregoing, Plaintiff demands judgment against Defendant for all actual and compensatory damages suffered, together with interest, if applicable, and all costs of this action and for such other and further relief as this Honorable Court and/or jury may deem just and proper.

## COUNT III
## BREACH OF IMPLIED WARRANTIES
## Mich. Comp. Laws § 600.2947(6)(a)

50. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

51. Defendant designed, tested, manufactured, packaged, labeled, sold and/or placed into the stream of commerce the subject blenders, which were received and used by Plaintiff.

52. The blenders were defective and unreasonably dangerous at the time they left the possession and control of Defendant, and they were expected to reach, and did reach, Plaintiff in substantially the same condition as they were in at the time they were designed, tested, manufactured, packaged, labeled and sold, and/or otherwise placed into the stream of commerce by Defendant.

53. Defendant implicitly represented and warranted that its blenders, including the subject blender, could be safely used to cook and blend quickly and efficiently.

54.    The ability of the blenders' unsecured blade assembly to unintentionally detach from the blender base and fall out of the blenders' pitcher during use support breached implied warranties of fitness and merchantability pursuant to Mich. Comp. Laws § 600.2947(6)(a).

55.    Plaintiff's injuries were a direct and proximate result of the breach of implied warranties by Defendant in that the blenders designed, tested, manufactured, packaged, labeled and sold, and/or otherwise placed into the stream of commerce by Defendant had the propensity to cause the injuries described herein.

56.    By reason of the foregoing, Plaintiff demands judgment against Defendant for all actual and compensatory damages suffered, together with interest, if applicable, and all costs of this action and for such other and further relief as this Honorable Court and/or jury may deem just and proper.

### INJURIES & DAMAGES

57.    As a direct and proximate result of Defendant's negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident. Plaintiff is entitled to recover damages from Defendant for these injuries in an amount which shall be proven at trial.

58.    As a direct and proximate result of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result of the incident. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendant in an amount to be proven at trial.

59.    As a direct and proximate cause of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has and will continue to incur expenses for medical care and treatment,

as well as other expenses, as a result of the laceration injuries he suffered as a result of the incident. Plaintiff is entitled to recover damages from Defendant for his past, present and future medical and other expenses in an amount which shall be proven at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against the Defendant for damages, to which he is entitled by law, as well as all costs of this action, to the full extent of the law, whether arising under the common law and/or statutory law, including:

a. Judgment for Plaintiff and against Defendant SharkNinja;

b. Damages to compensate Plaintiff for his injuries, economic losses and pain and suffering sustained as a result of the use of the Defendant SharkNinja's blenders;

c. Pre- and post-judgment interest at the lawful rate;

d. A trial by jury on all issues of the case; and

e. For any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully submitted,

**JOHNSON BECKER, PLLC**

Dated: <u>August 26, 2025</u>

<u>*/s/ Adam J. Kress, Esq.*</u>
Adam J. Kress, Esq.
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Tel.: (612) 436-1800
Fax: (612) 436-1801
akress@johnsonbecker.com
arick@johnsonbecker.com

***Attorneys for Plaintiff***